IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
IGNACIO GARCIA CARRIZALES,       )
                                 )
        Petitioner,              )
                                 )
        v.                       )      1:12CR61-1
                                 )      1:13CV1041
UNITED STATES OF AMERICA,        )
                                 )
        Respondent.              )
```

**<u>MEMORANDUM OPINION AND RECOMMENDATION</u>**
**<u>OF UNITED STATES MAGISTRATE JUDGE</u>**

This case comes before the undersigned United States Magistrate Judge on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Docket Entry 25) (hereinafter "Section 2255 Motion").[1] For the reasons that follow, the Court should deny Petitioner's Section 2255 Motion.

<u>INTRODUCTION</u>

This Court (per now-Chief United States District Judge William L. Osteen, Jr.) entered a Judgment against Petitioner imposing, inter alia, a prison term of 57 months, upon his guilty plea to unlawful presence in the United States following deportation after conviction for an aggravated felony in violation of 8 U.S.C. § 1326(a) and (b)(2). (Docket Entry 15; <u>see also</u> Docket Entry 1 (Indictment); Docket Entry 10 (Plea Agreement); Docket Entry dated

---

[1] Parenthetical citations refer to Petitioner's criminal case.

May 8, 2012 (documenting guilty plea); Docket Entry dated Aug. 16, 2012 (documenting sentencing); Docket Entry 20 (Sent'g Hrg. Tr.); Docket Entry 21 (Plea Hrg. Tr.).) The United States Court of Appeals for the Fourth Circuit affirmed. <u>United States v. Carrizales</u>, 521 F. App'x 184 (4th Cir. 2013) (unpublished). Petitioner thereafter timely filed his instant Section 2255 Motion (Docket Entry 25), the United States responded (Docket Entry 29), and Petitioner replied (Docket Entry 33).

<u>DISCUSSION</u>

Petitioner's Section 2255 Motion asserts four grounds for relief:

1) "Petitioner Received Ineffective Assistance of Counsel on His Guilty Plea" (Docket Entry 25, ¶ 12.A. ("Ground One"));

2) "Petitioner Received Ineffective Assistance of Counsel at Sentencing, Counsel Never Told Him about [the Fast Track Program]" (<u>id.</u>, ¶ 12.B. ("Ground Two"));

3) "Petitioner Received Ineffective Assistance of Counsel at Sentencing, When Counsel Did Not Object to [the Presentence Investigation Report]" (<u>id.</u>, ¶ 12.C. ("Ground Three")); and

4) "Petitioner Received Ineffective Assistance of Counsel on Direct Appeal, Counsel Know [sic] that Her Issue Is Meritless" (<u>id.</u>, ¶ 12.D. ("Ground Four")).

To make out an ineffective assistance claim, Petitioner must show that his counsel's performance fell below a reasonable

2

standard for defense attorneys and that prejudice resulted. See Strickland v. Washington, 466 U.S. 668, 687-94 (1984). "Surmounting Strickland's high bar is never an easy task. . . . [T]he standard for judging counsel's representation is a most deferential one." Harrington v. Richter, 562 U.S. 86, 105 (2011) (internal quotation marks omitted); see also Oken v. Corcoran, 220 F.3d 259, 269 (4th Cir. 2000) ("[C]ounsel [i]s not constitutionally ineffective in failing to [take an action when] . . . it would have been futile for counsel to have done so . . . ."). All four of Petitioner's ineffective assistance claims fail as a matter of law.

Ground One – Ineffective Assistance for Guilty Plea

As to Ground One, Petitioner has offered this support for his challenge to the sufficiency of his counsel's representation at the plea stage: "Counsel made it seem like [s]he want [sic] to Defenden [sic] the Petitioner when in fact Counsel only advised the Petitioner is [sic] for him to [t]ell [h]er about some one that he knew that is selling [d]rugs and [s]he will help him get [d]eported [f]ast." (Docket Entry 25, ¶ 12.A.; see also Docket Entry 33 at 2 ("[C]ounsel only stated on numerous occasions by her own admission on her affidavit, that she wanted [P]etitioner to cooperate with the Government as the only venue of getting a higher [sic] sentence, instead of representing [P]etitioner as the 6th Amendment

requires.").)[2] This attack on the legal assistance Petitioner received in connection with his guilty plea (which he entered via a written plea agreement (see Docket Entry 10) and a judicial colloquy that complied with Federal Rule of Criminal Procedure 11(b) (see Docket Entry 21)) fails as a matter of law, given that Petitioner's "solemn declarations in open court affirming [his] plea agreement carry a strong presumption of verity, because courts must be able to rely on [such] statements made under oath during a properly conducted Rule 11 plea colloquy," United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005) (internal brackets, citations, ellipses, and quotation marks omitted).

Accordingly, "in the absence of extraordinary circumstances, . . . a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the [defendant's] sworn statements." Id. at 221-22. Petitioner has shown no such extraordinary circumstances. Instead, as quoted above, Petitioner merely has alleged in unsworn[3] and conclusory fashion that his counsel feigned

---

[2] Contrary to Petitioner's above-quoted suggestion that his counsel has admitted that her defense efforts consisted only of seeking to get Petitioner to cooperate against persons involved in drug activity, the affidavit from Petitioner's counsel details the numerous steps she took to provide him a proper defense (both before and after his plea). (See Docket Entry 29-1, ¶¶ 3-16.)

[3] Petitioner did not sign his Petition under oath or penalty of perjury (or otherwise) (see Docket Entry 25 at 6), although he
(continued...)

4

interest in his case and did nothing but attempt to induce him to provide information regarding the criminal activities of others. (See Docket Entry 25, ¶ 12.A.; Docket Entry 33 at 2.)[4]

"Unsupported, conclusory allegations do not warrant an evidentiary hearing, much less relief." Whitley v. United States, Nos. 1:03CR445, 1:12CV67, 2014 WL 4443295, at *6 n.1 (M.D.N.C. Sept. 9, 2014) (unpublished) (recommendation of Webster, M.J., adopted by Beaty, S.J.) (citing Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992), abrog'n on other grounds recog'd, Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999)), appeal dismissed, No. 14-7424, 2015 WL 1543893 (4th Cir. Apr. 8, 2015) (unpublished); see also Cano v. United States, Nos. 1:05CR354-4, 1:09CV321, 2009 WL 3526564, at *3 (M.D.N.C. Oct. 22, 2009) (unpublished) (Dietrich, M.J.) ("Petitioner has provided only conclusory allegations which meet neither the error nor the prejudice prong of the Strickland analysis."), recommendation adopted, slip op. (M.D.N.C. Dec. 29,

---

[3](...continued)
did sign the related certificate of service (id. at 7). Nor did Petitioner sign his Reply under oath or under penalty of perjury. (See Docket Entry 33 at 5.)

[4] In so alleging, Petitioner has contradicted his prior sworn statements in open court that he "fully discussed the charges contained in [his] [I]ndictment and the case in general with [his] attorney" (Docket Entry 21 at 15), that "[he] and [his] attorney discussed any possible defenses [he] might have to the charge" (id.), that he was "fully satisfied with the services of [his] attorney and . . . her counsel, representation, and advice" (id.), and that he "had enough time to review [his] plea agreement and discuss it with [his attorney]" (id. at 20).

5

2009) (Beaty, C.J.). Moreover, because Ground One asserts that Petitioner received inept counsel regarding his guilty plea, in addition to overcoming his sworn statements knowingly and voluntarily pleading guilty after receiving satisfactory assistance of counsel, Petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Petitioner has made no such showing (see Docket Entry 25, ¶ 12.A.; Docket Entry 33) and the evidence proffered in support of his plea indicates that he possessed no plausible defense at a trial (see Docket Entry 9).

In sum, the Court should deny relief on Ground One.

Grounds Two and Three – Ineffective Assistance at Sentencing

Grounds Two and Three of Petitioner's Section 2255 Motion allege that his counsel provided constitutionally ineffective assistance as to sentencing by failing to advise Petitioner of his eligibility to participate in a "Fast Track Program" and by failing to object to the absence from his Presentence Investigation Report of any "Fast Track" reduction in his offense level calculation under the United States Sentencing Guidelines, respectively. (See Docket Entry 25, ¶ 12.B. & C.) Petitioner has offered no factual support for either of these conclusory claims. (See id.; Docket Entry 33 at 2-4.) That failure dooms Grounds Two and Three. See Whitley, 2014 WL 4443295, at *6 n.1; Cano, 2009 WL 3526564, at *3.

6

Case 1:12-cr-00061-WO   Document 34   Filed 04/28/15   Page 6 of 9

Further, the United States has submitted unrebutted evidence and argument showing that Petitioner's counsel properly determined that Petitioner did not qualify for any "Fast Track"-based sentencing relief. (See Docket Entry 29 at 6-8 (citing Docket Entry 29-1, ¶ 17); see also Docket Entry 33 at 2-4 (offering no evidence or argument to rebut showing by United States of Petitioner's ineligibility for any "Fact Track Program" or related reduction).) Grounds Two and Three thus fall short as a matter of law for that reason as well. See Oken, 220 F.3d at 269.

### Ground Four – Ineffective Assistance on Appeal

In Ground Four of his Section 2255 Motion, Petitioner has asserted that his counsel rendered ineffective assistance on appeal by "[p]resent[ing] no [e]vidence to the Court of Appeals [showing] why [] Petitioner [sic] [s]entence was [u]nreasonable and [u]nconstitution [sic] under law, and why the Sentencing Court did not [a]pplied [sic] the [p]roper Sentencing Guideliens [sic] . . . ." (Docket Entry 25, ¶ 12.D.; see also Docket Entry 33 at 3 ("Petitioner contends that appellate counsel was ineffective for failing to rise [sic] the impact of 'fast track' or any other early disposition program.").) As noted in connection with Grounds Two and Three, the United States has established (without colorable contest) that Petitioner did not qualify for relief under any "Fast Track Program." Accordingly, Petitioner's counsel did not have any obligation to pursue an appeal on that subject and Petitioner can

7

show no resulting prejudice.  See Carter v. Lee, No. 99-10, 202 F.3d 257 (table), 1999 WL 1267353, at *11 (4th Cir. Dec. 29, 1999) (unpublished) ("Appellate counsel [is] not ineffective for failing to raise [an issue] on appeal [that] is plainly without merit.").

To the extent Ground Four purports to raise any claim of appellate ineffective assistance unrelated to "Fast Track" matters, it is "vague, conclusory, speculative, and unsupported and fails for all of these reasons," Cabrera v. United States, Nos. 1:09CR323-1, 1:12CV695, 2014 WL 6386902, at *9 (M.D.N.C. Nov. 14, 2014) (unpublished) (Osteen, C.J.); see also United States v. Dyess, 730 F.3d 354, 359 (4th Cir. 2013) ("[V]ague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." (internal quotation marks omitted)).  Nor could Petitioner assert any claim that his counsel should have pursued any appellate challenge to his guilty plea (in light of his sworn admissions described in connection with Ground One, see Lemaster, 403 F.3d at 221-22) or to his sentence (given that the Fourth Circuit "thoroughly reviewed the record and conclude[d] that the sentence was both procedurally and substantively reasonable," Carrizales, 521 F. App'x at 185).

Finally, the Court should reject, as totally baseless, Petitioner's unsworn, bald statement that "[p]lain and [s]imple [his] [c]ounsel did not care about [h]er [c]lient, all [s]he want [sic] was to [sic] [f]ree [m]oney that the Government is giving her

8

for doing nothing." (Docket Entry 25, ¶ 12.D.)  The undersigned Magistrate Judge has carefully reviewed the record and has found no basis whatsoever for any suggestion that Petitioner's counsel failed to provide professionally appropriate representation in this case (on appeal or otherwise).  Moreover, the undersigned Magistrate Judge has observed Petitioner's counsel representing defendants for the last five years and, during that time, uniformly has seen that she zealously advocates for her clients in the best traditions of our adversarial system.  May she take comfort in knowing that she is not the first public servant to suffer wholly unwarranted derision.  <u>See, e.g.</u>, Albert J. Beveridge, <u>The Sacrifices and Rewards of Politics</u>, Munsey's Magazine, Vol. 48 (Oct. 1912 - Mar. 1913), p. 266 ("The circulation of slander to injure faithful public servants is, of course, an old trick.").

Simply put, Ground Four lacks merit.

## CONCLUSION

Petitioner has established no basis for relief.

**IT IS THEREFORE RECOMMENDED** that Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Docket Entry 25) be denied without a certificate of appealability.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

April 28, 2015